UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AZUCENA SANTANA,<br><br>                             Plaintiff,<br><br>v.<br><br>UNITED STATES NAVY, Secretary of the United States Navy CARLOS DEL TORO, and MARINE CORPS COMMUNITY SERVICES,<br><br>                            Defendants. | Case No.: 21CV1949-GPC(MDD)<br><br>**ORDER DENYING DEFENDANT DEPARTMENT OF THE NAVY'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>**[Dkt. No. 14.]** |

Before the Court is Defendant Department of the Navy's motion to dismiss the first amended complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Dkt. No. 14.) Plaintiff filed her opposition. (Dkt. No. 16.) Defendant filed its reply. (Dkt. No. 18.) For the reasons below, the Court DENIES Defendant's motion to dismiss.

**Background**

On November 16, 2021, Plaintiff Azucena Santana ("Plaintiff") filed a complaint alleging four causes of action for discrimination based on her national origin, gender and perceived sexual orientation and disability under federal and state law against her former employer Defendants United States Navy; Carlos Del Toro, Secretary of the United States Navy; and Marine Corps Community Services. (Dkt. No. 1, Compl.) On July 29,

2022, the Court granted Defendant's motion to dismiss with leave to amend. (Dkt. No. 12.) Plaintiff filed the operative first amended complaint ("FAC") on August 19, 2022 alleging two causes of action under Title VII of the Civil Rights Act of 1964 for race/perceived national origin discrimination, and gender discrimination. (Dkt. No. 13, FAC.)

Plaintiff was employed by Marine Corps Community Services ("MCCS") and stationed at Marine Corps Recruit Depot ("MCRD") in San Diego, California from January 7, 2013 to August 27, 2020. (*Id.* ¶¶ 1, 17.) Prior to being terminated, she worked as a Food Service Supervisor for the Depot Café located at MCRD. (*Id.* ¶ 18.) Plaintiff alleges that while employed by MCCS, she was subjected to constant harassment, discrimination and a hostile work environment based on her race/perceived national origin and gender discrimination. (*Id.* ¶¶ 23-47.) On August 27, 2020, she claims she was wrongfully terminated. (*Id.* ¶ 1.)

Around November 9, 2020, Plaintiff filed a formal Equal Employment Opportunity ("EEO") complaint with the Equal Employment Opportunity Commission ("EEOC") claiming discrimination based on race and gender. (*Id.* ¶ 9.) On information and belief, the Navy completed its investigation on May 25, 2021 but had not yet issued a final agency decision. (*Id.* ¶ 10.) Around July 30, 2021,[1] the parties attended a pre-hearing settlement conference about the EEO complaint. (*Id.* ¶ 11.) Around August 8, 2021, Plaintiff's counsel communicated with the EEOC to discuss the settlement conference and efforts to resolve the dispute and in that call, the EEOC representative advised that Santana simply needed to wait at least 180 days after submitting the administrative claim and did not need to receive a right to sue letter prior to filing a complaint with the district court. (*Id.* ¶ 12.) Around September 24, 2021, prior to withdrawing her request for a

---

[1] Defendant alleges that the settlement conference occurred on July 20, 2021, not July 30, 2022, as alleged in the FAC. (Dkt. No. 14 at 2.) Because the Court takes the allegations in the FAC as true on a motion to dismiss, the Court relies on the date in the FAC.

hearing, her counsel asked for the immediate issuance of a right to sue letter.  (*Id.* ¶ 13.) Around September 28, 2021, the EEOC responded stating "[w]e do not issue a right to sue." (*Id.* ¶ 14.)  Around November 16, 2021, over 180 days after she filed her administrative claim, Plaintiff filed the instant complaint asserting claims that are like or reasonably related to the allegations in the EEO complaint.  (*Id.* ¶ 15.)  Therefore, she claims "she has exhausted her administrative remedies and that a 'right to sue letter' is not required pursuant to 29 C.F.R. § 1614.407(b)."  (*Id.* ¶ 16.)

Defendant Department of the Navy[2] ("Defendant") filed the instant motion to dismiss for failing to allege exhaustion of administrative remedies which is fully briefed. (Dkt. Nos. 14, 16, 18.)

## Discussion

**A.    Legal Standard on Federal Rule of Civil Procedure 12(b)(6)**

A Rule 12(b)(6) motion to dismiss "tests the legal sufficiency of a complaint" and is "proper only where there is no cognizable legal theory[,] or an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Under Rule 8(a)(2), a plaintiff is only required to include "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2). While Rule 8 does not require detailed factual allegations, at a minimum, a complaint must allege enough specific facts to provide "fair notice" of both the particular claim being asserted and "the grounds upon which [that claim] rests." *Twombly*, 550 U.S. at 555 & n.3 (citation and quotation marks omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 533, 570 (2007) (internal quotation marks omitted)).  "A claim has facial plausibility when the

---

[2] The FAC names three Defendants but only Defendant Department of the Navy moves to dismiss.

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plaintiff has an obligation to provide the grounds of his or her entitlement to relief and must present more "than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly,* 550 U.S. at 555 (internal quotations omitted). The court accepts factual allegations in the complaint as true and construes the pleadings in the light most favorable to the nonmoving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, the court is not bound to accept mere legal conclusions as true. *Iqbal*, 556 U.S. at 678. "[F]or a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling a plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

**B.     Exhaustion of Administrative Remedies**

Defendant moves to dismiss the FAC because Plaintiff has not alleged mandatory administrative exhaustion of claims that she affirmatively abandoned before filing in this Court. (Dkt. No. 14 at 2.[3]) In her opposition, Plaintiff argues she has alleged compliance with the exhaustion requirement.[4] (Dkt. No. 16 at 5.)

Under sovereign immunity, the United States is immune from suit unless it consents to be sued. *McGuire v. United States*, 550 F.3d 903, 913 (9th Cir. 2008). Congress waived the federal government's sovereign immunity under the provisions of Title VII for claims alleging discrimination by federal employees on the basis of race, color, religion, sex or national origin. 42 U.S.C. § 2000e–16. A federal employee may bring a Title VII claim in a district court but he or she must first exhaust administrative remedies by filing a timely charge with the EEOC. *Id.*; *Sommatino v. United States*, 255

---

[3] Page numbers are based on the CM/ECF pagination.
[4] Plaintiff also raises procedural arguments but the Court need not address them because it denies the motion to dismiss.

F.3d 704, 707 (9th Cir. 2001) (citing 42 U.S.C. § 2000e-16(c)).  Filing a timely charge with the EEOC, or the appropriate state agency affords the agency notice of the charge, an opportunity to investigate the charge, and the narrowing of the issues for prompt adjudication and decision.  *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002), *as amended* (Feb. 20, 2002).

A federal employee may file a civil action in federal district court within ninety days of receipt of the agency final action or after 180 days from the date of filing an individual complaint if agency final action has not been taken.  42 U.S.C. § 2000e–16(c)[5]; 29 C.F.R. § 1614.407(a)&(b); *see Brown v. General Servs. Admin.*, 425 U.S. 820, 832 (1976) ("In any event, the complainant may file a civil action if, after 180 days from the filing of the charge or the appeal, the agency . . . has not taken final action.").

"The Supreme Court has held that the failure to file a timely EEOC administrative complaint is not a jurisdictional prerequisite to a Title VII claim, but is merely a statutory requirement subject to waiver, estoppel and equitable tolling."  *Sommatino*, 255 F.3d at 708 (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)).  In *Davis*, the Supreme Court reiterated that Title VII's claim-processing rules, while mandatory, are non-jurisdictional.  *Fort Bend Cnty., Tex. v. Davis*, —U.S. —, 139 S. Ct. 1843, 1851 (2019).  However, a plaintiff "must allege compliance with the [mandatory processing rule] . . . in order to state a claim on which relief may be granted."  *Cloud v. Brennan*, 436 F. Supp. 3d 1290, 1302 (N.D. Cal. 2020) (citation omitted).

Here, Plaintiff alleges she filed a formal EEO complaint with the EEOC on

---

[5] "Within 90 days of receipt of notice of final action taken by a department, agency, or unit . . . on a complaint of discrimination based on race, color, religion, sex or national origin, . . . or after one hundred and eighty days from the filing of the initial charge with the department, agency, or unit . . . , until such time as final action may be taken by a department, agency, or unit, an employee or applicant for employment, if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, may file a civil action as provided in section 2000e–5 of this title, in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant."
42 U.S.C. § 2000e–16(c).

November 9, 2020.  (Dkt. No. 13, FAC ¶ 9.)  The Navy completed its investigation on May 25, 2021.  (*Id.* ¶ 10.)  Plaintiff did not receive a "right to sue" or final agency decision.  (*See id.* ¶¶ 14, 16.)  The parties attended a pre-hearing settlement conference on July 30, 2021.  (*Id.* ¶ 11.)  On October 17, 2021, the EEOC Supervisory Administrative Law Judge issued an Order of Dismissal based on the withdrawal of the complaint.[6]  (Dkt. No. 14-3, Miller Decl., Ex. 2.)  On November 16, 2021, Plaintiff filed a complaint in this Court.  (Dkt. No. 13, FAC ¶ 15.)

Defendant argues that Plaintiff abandoned the administrative exhaustion process by withdrawing her claim and filing in this Court.  (Dkt. No. 14 at 7-8.)  It contends that Plaintiff, in order to cure the administrative posture of her claim, should have stayed or dismissed this matter in order to reopen the administrative complaint.  (*Id.* at 8.)  In response, Plaintiff challenges the caselaw supplied by Defendant arguing they are not factually analogous and inapplicable to this case.  (Dkt. No. 16 at 8-13.)  She challenges the assertion that withdrawing an administrative claim after more than 180 days from the filing date of the administrative claim and then filing those same claims in district court is

---

[6] Defendant seeks judicial notice of two exhibits attached to the declaration of Tony J. Miller which include an email correspondence by Plaintiff's counsel to the EEOC dated September 24, 2021 withdrawing the claim, and the EEOC's Order of Dismissal.  (Dkt. No. 15 at 5-6 (citing Dkt. Nos. 15-1, 15-2, 15-3).)  Plaintiff opposes.  (Dkt. No. 17 at 7-8.)  As a general rule, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).  However, first, a district court may consider "material which is properly submitted as part of the complaint." *Id*.  If the documents are not attached to the complaint, an exception exists if the documents' "authenticity . . . is not contested" and "the plaintiff's complaint necessarily relies" on them.  *Id*. (citations omitted).  Second, a court may take judicial notice of "matters of public record" under Federal Rule of Evidence 201.  *Id*. at 688-89.  However, under Rule 201, a court may not take judicial notice of a fact that is "subject to reasonable dispute." Fed. R. Evid. 201(b).  To the extent that facts contained in the judicially noticed documents are disputed, the Court only takes judicial notice of the existence of those documents, and not for the truth of the matter asserted within.  *Lee,* 250 F.3d at 689–90.  Here, the parties do not dispute that the Court can take judicial notice of the existence of the EEOC Order of Dismissal and not for the contents; therefore, the Court grants judicial notice of the existence of the EEOC Order of Dismissal.  (Dkt. No. 17 at 8-9; Dkt. No. 19 at 2-3.)  As to the email correspondence, the parties also do not appear to dispute that the Court can take judicial notice of the existence of the email correspondence but not its contents especially because the FAC references the communications.  (*See* Dkt. No. 13 FAC ¶ 10.)  Therefore, the Court grants the request for judicial notice of the existence of the email correspondence.

barred. (Dkt. No. 17 at 8-13.) In reply, Defendant acknowledges its reliance on four Ninth Circuit cases are not "very analogous" as to the underlying facts but they stand for the general proposition that abandonment of administrative remedies subjects a complaint to dismissal. (Dkt. No. 19 at 3-4.) Defendant maintains that it does not matter whether Plaintiff waited to file a district court complaint 180 days after filing the claim, but that he must have had a "live" EEO complaint before filing in district court. (*Id.* at 4.) In other words, Defendant does not disagree that Plaintiff could have filed a complaint in district court during the pendency of the administrative claim but only if Plaintiff had not withdrawn her EEO complaint.

The caselaw does not support Defendant's position.[7] Ninth Circuit caselaw suggests and persuasive district court cases have held that once a plaintiff has timely filed an EEO complaint, he or she need only comply and be cooperative during the initial 180 days; once the initial 180 days have past, the plaintiff may file a complaint in district court even if he or she abandoned or withdrew the administrative complaint or failed to cooperate during the post-180 day period. *See Charles v. Garrett*, 12 F.3d 870, 874-75 (9th Cir. 1993) (holding that a federal employee may sue after 180 days as long as he cooperated with the agency investigation for the first 180 days following the filing of his formal complaint); *Lopez v. Produce Exch.*, 171 Fed. App'x 11, 13 (9th Cir. 2006) (relying on *Charles* and reversing dismissal holding that because the plaintiff did not fail to cooperate during the 90 and 180 day periods he did not fail to exhaust his remedies); *Clark v. Chasen*, 619 F.2d 1330, 1337 (9th Cir. 1980) (reversing dismissal holding that a plaintiff need only cooperate in the administrative proceedings for a period over the required 180 days; therefore, she was entitled to pursue her claims in federal court); *Alston v. Johnson*, 208 F. Supp. 3d 293, 300 (D.D.C. 2016) (withdrawing administrative

---

[7] The Court agrees with Plaintiff that the cases relied upon by Defendant are not factually similar and do not support its argument of administrative abandonment in this case. (*See* Dkt. No. 14 at 6-7.) Plaintiff has cogently distinguished these Ninth Circuit cases. (Dkt. No. 16 at 9-13.)

complaint after 180 day period did not constitute a failure to exhaust administrative remedies).

The case of *Alston v. Johnson*, 208 F. Supp. 3d 293 (D.D.C. 2016) is factually similar to this case and persuasive. In that case, the district court held that the plaintiff's withdrawal of his administrative complaint after the 180 waiting period did not constitute a failure to exhaust administrative remedies. There, the plaintiff filed a EEO complaint for employment discrimination based on race on October 19, 2012. *Id.* at 296. On January 30, 2014, the plaintiff requested a right to sue letter so he could file a discrimination complaint in federal court. *Id.* On July 2, 2014, the EEOC Administrative Judge issued an order of dismissal to the plaintiff in order to allow him to file a complaint in federal court stating that more than 180 days had passed since he filed his EEOC complaint. *Id.* at 296-97. Later, the plaintiff was informed that he needed to withdraw his administrative complaint fully by submitting a written request. *Id.* at 297. The plaintiff subsequently submitted a request to withdraw from the administrative process and filed a complaint in the district court on November 10, 2014. *Id.*

The district court disagreed with the defendant's argument that the plaintiff had failed to exhaust because "he voluntarily withdrew his complaint before final agency action was taken, and therefore cannot be 'aggrieved,' since his withdrawal of the complaint frustrated the Agency's ability to resolve it." *Id.* at 299. The district court in *Alston* relied on caselaw holding that a plaintiff must only cooperate with the agency for 180 days before withdrawing in order to file a complaint in federal court. *Id.* at 300. In explaining its ruling, the court noted that the length of time in which the EEOC complaint had been pending, around 722 days, and the fact that the plaintiff did not act in bad faith or failed to cooperate during the initial 180 days supported its holding that the plaintiff exhausted his administrative remedies. *Id.* (citing *Howard v. Pritzker*, 775 F.3d 430, 439 (D.C. Cir. 2015) ("In recognition of lengthy administrative delays, Congress allowed an employee to 'escape from the administrative quagmire,' by 'fil[ing] a civil action if, after 180 days from the filing of the initial charge or appeal, the [employing] agency or the

[EEOC] has not taken final action.'"); *Payne v. Locke*, 766 F. Supp. 2d 245, 250 (D.D.C. 2011) ("[R]ecent opinions in this judicial district have recognized that federal employees may seek judicial review after their discrimination claims languished for more than 180 days at the administrative level."); *Augustus v. Locke*, 699 F. Supp. 2d 65, 71 (D.D.C. 2010) ("[A] plaintiff may withdraw from an administrative hearing after cooperating with an agency's investigation for 180 days."); *Ramsey v. Moniz*, 75 F. Supp. 3d 29, 46 (D.D.C. 2014) ("[P]laintiff cooperated in the EEO proceedings for more than 180 days and withdrew from her optional administrative hearing in good faith. Thus, the plaintiff's withdrawal from the administrative process does not amount to a failure to exhaust her administrative remedies.")); *see also Taylor v. Henderson,* 99 F. Supp. 2d 434, 436-37 (S.D.N.Y. 2000) (the plaintiff's alleged failure to cooperate did not preclude suit in federal court because it occurred after the 180 days when his right to sue had fully vested).

Similarly, in this case, Plaintiff alleges she filed her formal EEO complaint on November 9, 2020. (Dkt. No. 13, FAC ¶ 9.) Plaintiff engaged in the administrative process during the initial 180 days. (*See id.* FAC ¶¶ 10-12.) Defendant does not argue that Plaintiff was uncooperative during the initial 180 days. The EEOC did not take final action during the first 180 days. (*See id*. ¶¶ 10-14.) Because a right to sue letter had not been issued, and the alleged withdrawal of the EEO complaint occurred past the 180 day period, Plaintiff was permitted to file her complaint in this Court. The Court sees no purpose or support in Defendant's argument that Plaintiff should stay this case, return to reopen her administrative complaint, and if granted, then to return to this Court to pursue her claims. The purpose of the 180 day period is "to provide an opportunity to reach a voluntary settlement of an employment discrimination dispute", *Jasch v. Potter*, 302 F,3d 1092, 1094 (9th Cir. 2002), and once the 180 days have passed, the statute simply allows a plaintiff to file a complaint in district court. *See* 42 U.S.C. § 2000e–16(c). Therefore, Plaintiff's alleged withdrawal after the 180 day period does not amount to a failure to exhaust administrative remedies. Accordingly, the Court DENIES Defendant's motion to

dismiss for failure to exhaust administrative remedies.

## Conclusion

For the foregoing reasons, the Court DENIES Defendant's motion to dismiss the FAC under Rule 12(b)(6).  The hearing set on October 28, 2022 shall be **vacated**.

IT IS SO ORDERED.

Dated: October 25, 2022

Hon. Gonzalo P. Curiel
United States District Judge